Valarie H. Jonas (State Bar No. 137525)
vjonas@travelers.com
USERY & ASSOCIATES
Mailing Address: P.O. Box 2996
Hartford, CT 06104-2996
Physical Address: 9325 Sky Park Court, Suite 220
San Diego, CA 92123
Tel: (858) 616-6132
Fax: (844) 374-5925

Attorneys for Plaintiff
NORTHFIELD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>OASIS HOUSING CO. LLC, ROEBEN J. GARCIA, ANET KHECHOUMIAN, and ALY MCFARLANE,<br><br>Defendants. | Case No.:<br><br>**NORTHFIELD INSURANCE COMPANY'S COMPLAINT FOR:**<br>**(1) DECLARATORY RELIEF;**<br>**(2) DECLARATORY RELIEF;**<br>**(3) REIMBURSEMENT UNDER *BUSS*;**<br>**(4) REIMBURSEMENT UNDER *BLUE RIDGE*** |

Plaintiff NORTHFIELD INSURANCE COMPANY alleges and avers as follows:

**THE PARTIES**

1. Plaintiff Northfield Insurance Company ("Northfield") is, and at all relevant times was, an Iowa corporation with its principal place of business in Hartford, Connecticut.

2. Northfield is informed and believes and thereon alleges that defendant Oasis Housing Co. LLC ("Oasis") is, and at all relevant times was, a limited liability company incorporated in California with its principal place of business in San Bernardino County, California.

3. Northfield is informed, believes and thereon alleges that defendant Roeben J. Garcia ("Garcia") is, and at all times relevant was, an individual and citizen of the State of California, and resident of Los Angeles County, California, and the sole member of Oasis.

4. Northfield is informed and believes and thereon alleges that defendant Anet Khechoumian ("Khechoumian") is, and at all times relevant times was, an individual and citizen of the State of California, and resident of Los Angeles County, California.

5. Northfield is informed and believes and thereon alleges that defendant Aly McFarlane ("McFarlane" or "Underlying Plaintiff") is, and at all times relevant was, an individual and Citizen of the State of California, and resident of Los Angeles County, California.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within the Central District of California.

**BACKGROUND FACTS**

**The Underlying Action**

8. On April 7, 2026, McFarlane filed a complaint against Khechoumian, Oasis, and Does 1-20 (hereinafter together, the "Underlying Defendants"), in the Superior Court of California, County of Los Angeles, Case Number 26LBCV00856, alleging causes of action for 1) Premises Liability and 2) Negligence (the "Underlying Action"). A copy of the Complaint in the Underlying Action is attached hereto as Exhibit A.

9. The Underlying Action alleges that on August 5, 2024, McFarlane was caused to be injured when an overhead kitchen cabinet door fell and landed on her right hand, in a home she was leasing, located at 2200 Jeans Court in Signal Hill (the "Signal Hill Property").

10. The Underlying Action alleges McFarlane was unaware until after the incident that the cabinet door had not been properly secured before she leased the Signal Hill Property.

11. Northfield is informed, believes and thereon alleges that the Signal Hill Property is located in Signal Hill, California and that the Zip Code for the Signal Hill Property is 90755.

12. McFarlane alleges the Signal Hill Property was owned by Khechoumian and managed by Oasis.

13. The Underlying Action alleges the Underlying Defendants negligently owned, maintained, managed and operated the Signal Hill Property.

14. The Underlying Action asserts damages for wage loss, loss of use of property, hospital and medical expenses, general damages, property damages and loss of earning potential, and seeks $500,000 in general damages and $200,000 in special damages.

**The Northfield Policy**

15. Northfield issued a Commercial Insurance Policy number WS608915 to

Oasis for the period July 12, 2024 to July 12, 2025, with per occurrence limits of $1,000,000 and aggregate limits of $2,000,000 (the "Northfield Policy"). The Northfield Policy provides commercial general liability coverage subject to its terms and conditions. A copy of the Northfield Policy is attached hereto as Exhibit B.

16. Under "**SECTION II -WHO IS AN INSURED"** the Northfield Policy provides in pertinent part:

> **1.** If you are designated in the Declarations as:
>
> …
>
> **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

17. The Policy's "**COMMERCIAL GENERAL LIABLITY COVERAGE PART DECLARATIONS**" provides that Oasis' "Form of Business" is "Limited Liability Company."

18. Form **CG 00 01** of the Policy, "**COMMERCIAL GENERAL LIABLITY COVERAGE FORM**" provides in part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

19. The policy defines "Bodily injury" as follows:

> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

20. The Policy defines "occurrence" as follows:

> **13. "**Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

21. The Policy also excludes coverage for certain contractually-assumed liability. Form CG 00 01, in its Exclusion b., Contractual Liability, in Paragraph 2. (Exclusions) of Section I – Coverage A, provides in pertinent part:

> **b.** Contractual Liability
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
> (1) That the insured would have in the absence of the contract or agreement; or
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement….

22. Endorsement S19-CG (Amendment – Contractual Liability) further modifies the Contractual Liability exclusion, adding the following to Exclusion b. under Section I – Coverage A:

> Paragraph (2) does not apply to any damages arising out of the:
> a. Sole negligence of the indemnitee; …

23. The Policy's definition of "insured contract," as amended by Endorsement CG 24 26 (Amendment Of Insured Contract Definition), which replaces Paragraph 9. of the Definitions Section, provides in pertinent part:

> **9.** "Insured contract" means:

> a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
>
> …
>
> f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

24. Form CG 00 01 of the Policy further provides, in its SUPPLEMENTARY PAYMENTS – COVERAGES A AND B provision, that Northfield's obligation to defend an insured's indemnitee and to pay that indemnitee's litigation expenses is conditioned as follows, in pertinent part:

> **2.** If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:
>
> a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";
>
> b. This insurance applies to such liability assumed by the insured;
>
> c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";
>
> …

25. The Policy's "**SCHEDULE OF FORMS AND ENDORSEMENTS,**" "**COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS**" provides in part:

> The following forms and endorsements apply to the Commercial General Liability Coverage Part only: … CG 21 44 (4/17) Limitation of Coverage to

Designated Premises, Project or Operation …

26. The Policy's "**COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS**" identifies the "Address of All Premises (Including Zip Code) That You Own, Rent or Occupy" as "951 Buffalo Ave Santa Ana CA 92706" (hereinafter, the "Insured Property").

27. The Policy's "**LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**" endorsement, Form **CG 21 44 04 17**, provides in part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART

**SCHEDULE**

**Premises:**

All Covered Locations as Scheduled on the Declarations

**Project Or Operation:**

Not applicable.

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.** If this endorsement is attached to Commercial General Liability Coverage form **CG 00 01**, the provisions under this Paragraph **A.** apply:

**1.** Paragraph **1.b**. under **Section I – Coverage A-Bodily Injury And Property Damage Liability** is replaced by the following:

**b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

**(1)** The “bodily injury” or “property damage”:

**(a)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

**(b)** Arises out of the project or operation shown in the Schedule; …

**Northfield’s Reservation of Rights**

28. By letter dated May 8, 2026, Northfield advised Oasis that the Northfield Policy’s Limitation Of Coverage To Designated Premises, Project Or Operation endorsement applies to preclude coverage for the claims asserted in the Underlying Action because the loss occurred at a location other than the ONLY property listed in the schedule, 951 Buffalo Ave., Santa Ana CA 92706.

29. Northfield’s May 8, 2026 letter further advised Oasis that Northfield would provide it a defense with regard to the Underlying Action under a full and complete reservation of rights under the Policy, including the right to withdraw from the defense and seek reimbursement of defense costs incurred and indemnity payments made, pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997), *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2110). A copy of Northfield’s May 8, 2026 letter is attached hereto as Exhibit C.

**Khechoumian’s Tender of Defense and Indemnity Under the Lease**

30. Northfield is informed and believes, and thereon alleges, that Khechoumian contends she and Oasis entered into a written lease agreement concerning the Signal Hill Property (the “Lease”).

31. Northfield is informed and believes, and thereon alleges, that Khechoumian contends the Lease contains provisions under which Oasis agreed to defend and/or indemnify Khechoumian.

32. Northfield is informed and believes and thereon alleges that Khouchiam contends the Lease is an “insured contract” under the Northfield Policy.

33. On or about June 1, 2026, Liberty Mutual Insurance Company tendered

defense and indemnity for the Underlying Action to Northfield on behalf of its insured, Khechoumian, contending that Oasis has a duty to defend and indemnify her pursuant to the terms of the Lease.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**
**(Against All Defendants)**

34. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33, inclusive, as though fully set forth herein.

35. Northfield asserts that it owes no duty to defend or indemnify Oasis with respect to the Underlying Action pursuant to operation of the terms, conditions, exclusions, endorsements and other provisions of the Northfield Policy.

36. The Northfield Policy's Limitation Of Coverage To Designated Premises, Project Or Operation endorsement provides that the Policy "applies to 'bodily injury' and 'property damage' caused by an 'occurrence'… only if…the 'bodily injury' or 'property damage' [o]ccurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or [a]rises out of the project or operation shown in the Schedule."

37. The only property scheduled on the Policy's Schedule is the Insured Property, 951 Buffalo Ave., Santa Ana CA 92706.

38. The Underlying Action alleges that the Underlying Plaintiff's injuries occurred at the Signal Hill Property, property located at 2200 Jeans Court in Signal Hill, CA 90755.

39. The Underlying Action does not allege that any "bodily injury" or "property damage" occurred at the Insured Property or on the grounds and structures appurtenant to those premises.

40. Pursuant to the Northfield Policy's Limitation Of Coverage To Designated Premises, Project Or Operation endorsement, there is no coverage for the claims asserted in the Underlying Action.

41. Because there is no coverage for any of the claims asserted in the

Underlying Action, Northfield has no duty to defend or indemnify Oasis for any of the claims asserted in the Underlying Action.

42. Although there is no coverage for any of the claims asserted in the Underlying Action, Northfield is currently providing Oasis with a courtesy defense under a reservation of rights.

43. An actual, present, and justiciable controversy has arisen and now exists between Northfield, on the one side, and the defendants, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

44. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of the parties may be determined under the Northfield Policy.

45. Northfield requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regard to the Northfield Policy.

**SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF**
**(Against Khechoumian)**

46. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33 and 35-45, inclusive, as though fully set forth herein.

47. Northfield is informed and believes, and thereon alleges, that Khechoumian contends she and Oasis entered into a written lease agreement concerning the Signal Hill Property (the “Lease”).

48. Northfield is informed and believes, and thereon alleges, that Khechoumian contends the Lease contains provisions under which Oasis agreed to defend and/or indemnify Khechoumian.

49. Northfield is informed and believes and thereon alleges that Khechoumian contends the Lease is an “insured contract” under the Northfield Policy.

50. On or about June 1, 2026, Liberty Mutual Insurance Company tendered defense and indemnity for the Underlying Action to Northfield on behalf of its insured, Khechoumian, contending that Oasis has a duty to defend and indemnify her pursuant to the terms of the Lease.

51. To the extent Khechoumian contends that Oasis's assumption of her liability under the Lease constitutes an "insured contract" as defined by the Northfield Policy, and that she therefore qualifies as a contractual indemnitee under the Northfield Policy, the Northfield Policy affords coverage only for "bodily injury" or "property damage" "to which this insurance applies."

52. As alleged above, the Northfield Policy's Limitation Of Coverage To Designated Premises, Project Or Operation endorsement precludes coverage for the claims asserted in the Underlying Action because the Underlying Plaintiff's alleged "bodily injury" did not occur on the Insured Property or the grounds and structures appurtenant to those premises.

53. Because there is no coverage under the Northfield Policy for any of the claims asserted in the Underlying Action, there is no "bodily injury" or "property damage" "to which this insurance applies", and the contractual liability exclusion's exception for liability assumed in an "insured contract" does not operate to afford coverage where none otherwise exists.

54. Moreover, under the Policy's Supplementary Payments provision, Northfield's obligation to defend an insured's indemnitee and to pay that indemnitee's defense and litigation expenses applies only where "this insurance applies to such liability assumed by the insured". Because the Northfield Policy does not cover the claims asserted in the Underlying Action, this insurance does not apply to any liability of Oasis assumed on Khechoumian's behalf, and Northfield has no obligation to defend or indemnify Khechoumian as a purported contractual indemnitee.

55. Accordingly, Northfield owes no duty to defend or indemnify Khechoumian in connection with the Underlying Action, including to the extent

Khechoumian qualifies, or claims to qualify, as a contractual indemnitee under the Northfield Policy.

56. An actual, present, and justiciable controversy has arisen and now exists between Northfield, on the one side, and Khechoumian, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to Khechoumian's tender and the Underlying Action.

57. Northfield requests that the Court resolve the present and actual controversy by issuing a judgment declaring that Northfield owes no duty to defend or indemnify Khechoumian under the Northfield Policy with respect to the Underlying Action, including to the extent she qualifies as a contractual indemnitee under the Northfield Policy.

## THIRD CAUSE OF ACTION FOR REIMBURSEMENT UNDER *BUSS*
## (Against Oasis)

58. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33, 35-45 and 47-57, inclusive, as though fully set forth herein.

59. Northfield has paid, and continues to pay, certain defense fees and costs in defense of Oasis with regard to the Underlying Action. Northfield agreed to participate in the defense of Oasis, subject to a reservation of rights including, but not limited to, a reservation of the right to seek reimbursement for the fees and costs incurred in the defense of Oasis that are not covered by the Northfield Policy.

60. Northfield is entitled to reimbursement from Oasis of the defense fees and costs it incurred in defending Oasis that are recoverable pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

## FOURTH CAUSE OF ACTION
## FOR REIMBURSEMENT UNDER *BLUE RIDGE*
## (Against Oasis)

61. Northfield realleges and incorporates herein by reference paragraphs 1-33, 35-45, 47-57 and 59-60, inclusive, as though fully set forth herein.

62. Northfield agreed to participate in the defense and indemnity of Oasis subject to a reservation of rights including, but not limited to, a reservation of the right to seek reimbursement for any indemnity payments made on behalf of Oasis that are not covered by the Northfield Policy.

63. Northfield is entitled to reimbursement from Oasis of any indemnity payment made on behalf of Oasis that is recoverable pursuant to *Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal. 4th 489 (2001).

**PRAYER**

WHEREFORE, Northfield prays for judgment as follows:

1. Declaring there is no coverage under the Northfield Policy for any of the claims asserted in the Underlying Action;

2. Declaring that Northfield has no duty to defend or indemnify Oasis under the Northfield Policy for any of the claims asserted in the Underlying Action;

3. Declaring that Northfield has no duty to defend or indemnify Khechoumian under the Northfield Policy for any of the claims asserted in the Underlying Action, including to the extent Khechoumian qualifies as a contractual indemnitee under the Northfield Policy;

4. Declaring that Northfield may withdraw from the defense of Oasis;

5. Declaring that Northfield is not liable to pay or satisfy any claims, judgments, or awards against Oasis in the Underlying Action;

6. Declaring that Northfield is entitled to reimbursement of the costs and fees incurred to defend Oasis in the Underlying Action that are recoverable under *Buss v. Superior Court*, 16 Cal.4th 35 (1997);

7. Declaring that Northfield is entitled to reimbursement of indemnity payments made on behalf of Oasis in the Underlying Action that are recoverable under *Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal. 4th 489 (2001).

8. Granting an award in favor of Northfield for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: August 27, 2026

**USERY & ASSOCIATES**

By Valarie H. Jonas

Valarie H. Jonas
Attorneys for Plaintiff
NORTHFIELD INSURANCE COMPANY